IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMANE SOCIETY OF NEW YORK, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,<br><br>     Defendants. | Civil Action No. 1:21-cv-01349-EGS |

## SUGGESTION OF MOOTNESS

Defendants United States Department of Homeland Security ("DHS"), Secretary of Homeland Security Alejandro Mayorkas, in his official capacity, and United States Citizenship and Immigration Services (collectively, "Defendants") hereby provide notice of two developments regarding the DHS Final Rule at issue in this litigation, *Modification of Registration Requirement for Petitioners Seeking to File Cap-Subject H-1B Petitions*, 86 Fed. Reg. 1,676 (Jan 8, 2021) ("Final Rule"). These developments render this case moot.

First, the judgment of another district court vacating the Final Rule is now final. As the parties discussed in their summary judgment briefing, the United States District Court for the Northern District of California issued an opinion on September 15, 2021, vacating the Final Rule and remanding the matter to DHS. *See* Pls.' Mem. 1, 15, ECF No. 14 (citing *Chamber of Commerce v. U.S. Dep't of Homeland Sec.*, No. 20-cv-07331-JSW, 2021 WL 4198518 (N.D. Cal. Sept. 15, 2021)); Defs.' Mem. 1, 5-6, ECF No. 20 (same).[1] When the parties began briefing their cross-motions for summary judgment before this Court, the government was still evaluating whether to appeal the *Chamber of Commerce* decision. On November 15, 2021, the government

---

[1] Although Plaintiffs' memorandum contends that Judge White "enjoined" the Final Rule, the opinion states that "the Court vacates the Final Rule and remands th[e] matter to DHS." *See Chamber of Commerce*, 2021 WL 4198518 at *5.

1

filed a notice of appeal in the *Chamber of Commerce* case, and on November 30, 2021, the government moved to voluntarily dismiss that appeal. *See* Unopposed Mot. for Voluntary Dismissal, *Chamber of Commerce v. U.S. Dep't of Homeland Sec.*, No. 21-16912 (9th Cir.), ECF No. 8. On December 2, 2021, the Ninth Circuit Court of Appeals dismissed the appeal and issued its mandate in the same order. *See* Order, *Chamber of Commerce v. U.S. Dep't of Homeland Sec.*, No. 21-16912 (9th Cir. Dec. 2, 2021), ECF No. 9, attached hereto as Exhibit A. Accordingly, the *Chamber of Commerce* decision vacating the Final Rule is now final.

Second, DHS has now withdrawn the challenged Final Rule. On December 22, 2021, DHS promulgated a new final rule to withdraw the vacated Final Rule. *See Modification of Registration Requirement for Petitioners Seeking to File Cap-Subject H-1B Petitions, Implementation of Vacatur*, 86 Fed. Reg. 72,516, 72,516 (Dec. 22, 2021) ("Withdrawal Rule"), attached hereto as Exhibit B. As DHS explained in the Withdrawal Rule, the rule was intended to "implement[]" *Chamber of Commerce*'s vacatur of the Final Rule and to "ensure[] that the vacated regulatory provisions [of the Final Rule] are not codified in the [Code of Federal Regulations]." *Id.*

In light of these two events, Plaintiffs' claims are now moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, where "events have so transpired that [the Court's] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future," a plaintiff's claims should be dismissed as moot. *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (internal quotation marks omitted); *cf. Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 79 (D.C. Cir. 2011) ("If it becomes impossible for the court to grant any effectual relief whatever to a prevailing party on a particular claim, that claim must be dismissed.") (internal quotation marks omitted).

The Complaint in this case identifies six causes of action, and each cause of action relates to the lawfulness of the Final Rule. In Count I, Plaintiffs contend that the Final Rule does not comport with the Immigration and Nationality Act and should be set aside. Compl. ¶¶ 151-60, ECF No. 1. In Count II, Plaintiffs allege that the Final Rule is arbitrary and capricious. *Id.* ¶¶ 161-

67. And finally, in Counts III, IV, V, and VI, Plaintiffs assert that the Final Rule is invalid for reasons connected to former Acting Secretary of Homeland Security Chad Wolf's service as Acting Secretary. *Id.* ¶¶ 168-202.

Plaintiffs' requested relief is similarly centered on the Final Rule. *See* Compl., Prayer for Relief. Specifically, Plaintiffs request that this Court "[d]eclare . . . that the final rule is unlawful and invalid," "[o]rder that the final rule violates the [Administrative Procedure Act] and other federal statutes, which mandates that the rule be set aside in its entirety," "[t]o the extent necessary, issue all additional relief to postpone the effective date of the final rule action or to preserve status or rights pending conclusion of the review proceedings," "[e]nter all necessary relief, injunctions, and orders as justice and equity as appropriate to remedy the harms to plaintiffs," and "[g]rant such further relief as this Court deems just and proper." *Id*.

Now that the Final Rule has been both vacated and withdrawn, none of Plaintiffs' requested forms of relief will have any practical effect; indeed, Plaintiffs have, in effect, already received the relief requested in their Complaint.[2] The Final Rule has already been "set aside in its entirety" without ever going into effect, and there is thus no need to "postpone the effective date" or otherwise preserve the status quo. And Plaintiffs' request for declaratory judgment cannot save their case from mootness. *See NBC-USA Hous., Inc, Twenty-Six v. Donovan*, 674 F.3d 869, 873 (D.C. Cir. 2012) ("Where an intervening event renders the underlying case moot, a declaratory

---

[2] The Complaint also requests that the Court "[a]ward Plaintiffs costs of suit and attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988 and any other applicable law." Compl., Prayer for Relief. Because this case became moot before this Court rendered a decision on Plaintiffs' motion for summary judgment, however, Plaintiffs are not entitled to such relief. *See* 28 U.S.C. § 2412(b) ("[A] court may award reasonable fees and expenses of attorneys . . . *to the prevailing party* in any civil action brought . . . against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.") (emphasis added); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 949 (D.C. Cir. 2005) ("If the Government had acted to moot this case through voluntary cessation before there was a judicially sanctioned change in the legal relationship of the parties, [the plaintiffs] would not have been 'prevailing parties.'"); *see also, e.g., Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1033 (9th Cir. 2009) (finding that plaintiffs were not "prevailing parties" for purposes of attorneys' fees where the case became moot because the defendant withdrew its challenged decision).

judgment can no longer 'affect[] the behavior of the defendant towards the plaintiff, and thus 'afford[s] the plaintiffs no relief whatsoever.") (internal citations omitted).  As such, any judgment in this case, whether for Plaintiffs or Defendants, "will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke*, 915 F.2d at 701.

As Plaintiffs' claims are now moot, the Court should dismiss the complaint in this action for lack of jurisdiction.[3]

Dated:  February 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Alexandra R. Saslaw*
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
Email: alexandra.r.saslaw@usdoj.gov

*Counsel for Defendants*

---

[3] On November 30, 2021, Defendants notified Plaintiffs' counsel of the government's decision to voluntarily dismiss its appeal in *Chamber of Commerce* and expressed their view that the motion rendered the issues in this case moot. The parties agreed to seek an extension of further deadlines in this case to discuss this and other issues, in hopes of resolving this case without further involvement of the court.  On January 20, 2022, Defendants notified Plaintiffs' counsel by email that Defendants continued to believe the case was moot in light of the vacatur and withdrawal of the Final Rule, and that if the parties were not able to reach an agreement on how to proceed, Defendants would bring the mootness issue to the Court's attention. Plaintiffs' counsel did not respond to that email. On February 3, 2022, Defendants notified Plaintiffs' counsel that because they had not received any response, Defendants would file a suggestion of mootness with the court. As of the time of this filing, Defendants have not received any response from Plaintiffs' counsel.